UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEAN CHERY, JR.,

    Petitioner,

v.                          Case No. 8:08-cv-2300-T-33EAJ

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY, DEPARMENT OF HOMELAND
SECURITY;MICHAEL ROROS; DAVID WING,

    Respondents.

## **O R D E R**

THIS CAUSE is before the Court on Petitioner Jean Chery's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (hereinafter Petition).

## **BACKGROUND**

Petitioner Jean Chery is a native and citizen of Haiti. He was admitted into the United States as a lawful permanent resident on or about March 3, 1985. Almonte Decl., ¶ 3;[1] Petition at 4.

On November 7, 2003, Chery was convicted in the United States District Court for the Southern District of Florida of conspiracy to possess with the intent to distribute a detectable amount of cocaine base, in violation of 21 U.S.C. § 846. As a result, he was sentenced to fifty-two months imprisonment, followed by three years supervised release. Almonte Decl., ¶ 4.

On August 22, 2007, Chery was transferred from the Florida Department of Corrections' custody into custody of the Bureau for Immigration and Customs Enforcement (ICE). Almonte Decl., ¶ 5. Subsequently, ICE initiated removal proceedings against Chery.

---

[1] Nidia Almonte is a Deportation Officer employed by the Bureau of Immigration and Customs Enforcement (ICE) in Tampa, Florida. His Declaration is attached to Document Number 10 as Exhibit 1 and will be cited as "Almonte Decl." followed by the applicable paragraph number.

During removal proceedings, however, ICE learned that Chery had been admitted into the United States under a different alien number than the number on which ICE was proceeding. ICE submitted additional charges of removability, and, on April 14, 2008, an Immigration Judge ordered Chery removed. Chery did not appeal this order. Almonte Decl., ¶¶ 6-8.

On August 19, 2008, ICE requested a travel document for Chery and scheduled him for a removal flight departing August 27, 2008. However, due to several severe hurricanes that struck Haiti in that time period, ICE temporarily suspended removals to Haiti on humanitarian grounds. Chery's travel document was not issued. Almonte Decl., ¶¶ 10-11.

On October 9, 2008, Chery received a post-custody review hearing at which ICE determined that he should remain in custody pending removal based on the likelihood that he would be removed in the foreseeable future. Almonte Decl., ¶ 12. On November 18, 2008, Chery filed the present petition for habeas corpus pursuant to 28 U.S.C. § 2241.

On December 8, 2008, ICE announced that it would resume removal flights to Haiti. Almonte Decl., ¶ 13. ICE has provided the Haitian government with all the documents necessary to authorize the issuance of a travel document to Chery and expects that the document will be issued in the near future. Almonte Decl., ¶ 14.

The Department of Homeland Security (DHS) maintains diplomatic relations with Haiti, and in fiscal year 2007 (the last year for which statistics are available), DHS removed approximately 1,492 Haitian nationals to that country. *DHS Yearbook of Immigration Statistics: 2007* (2007 *Immigration Yearbook*), Table 37.

## DISCUSSION

Chery's detention is governed by § 241(a) of the Immigration and Naturalization Act (INA), codified at 8 U.S.C. § 1231(a), which covers detention following entry of a final removal order. This provision generally affords the Attorney General a 90-day period to accomplish removal. See 8 U.S.C. § 1231(a)(1)(A) - (B). The Attorney General may

continue to detain an alien after expiration of the 90-day removal period when the alien is:

> An alien ordered removed who is inadmissible under [INA] section 212, removable under section 237(a)(1)(c), 237(a)(2), or 237(a)(4) or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal . . .

8 U.S.C. § 1231(a)(6). Chery's continued detention is pursuant to § 1231(a)(6), in that he is removable due to his criminal record. Almonte Decl., ¶¶ 4, 6-7.

As explained above, under 8 U.S.C. § 1231(a)(1), ICE has a 90-day "removal period" in which to remove an alien from the United States. The removal period commences on the latest of the following:

> (i) The date the removal becomes administratively final;
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order;
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Here, the removal period commenced on May 14, 2008, the date Chery's administrative removal order became final. Almonte Decl., ¶ 8; 8 C.F.R. § 1003.39 (removal order becomes final at the time appeal period lapses).

In *Zadvydas v. Davis,* 533 U.S. 678 (2001), the Supreme Court held that § 1231(a) permits the government to detain an alien during the 90-day removal period, and an additional 90 days in order to effect the alien's removal from the United States. 533 U.S. at 701 (stating that "we doubt when Congress shortened the removal period to 90 days in 1996 it believed that all reasonably foreseeable removals could be accomplished in that time"); *see Clark v. Martinez*, 543 U.S. 471 (2005); *see also Akinwale v. Ashcroft,* 287 F.3d 1050, 1052 (11th Cir. 2002) ("six months is a presumptively reasonable period to detain a removable alien awaiting deportation under such circumstances") (citing *Zadvydas*, 533 U.S. at 701).

The six-month presumption does not mean, however, that every alien not removed must be released after six months. *Zadvydas*, 533 U.S. at 701. "To the contrary, an alien

3

may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Thus, "to state a claim under *Zadvydas,* the alien must not only show post-removal order detention in excess of six months, but must also provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

Although Chery has satisfied *Akinwale'*s first prong, he fails to meet the second prong. He provides no evidence to show "that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale,* 287 F.3d at 1052. Instead, he asserts that Haiti's government "do[es] not accept any criminal deportees from the United States" and, due to the hurricane recovery, has asked the United States not to repatriate Haitian nationals for three years. Petition at 2. Chery is wrong. As a result of the hurricanes in 2008, ICE temporarily suspended removal flights to Haiti for three months for humanitarian reasons. Almonte Decl., ¶ 11. ICE, however, lifted that suspension on December 8, 2008, and removal flights to Haiti are once again being arranged. *Id.*, ¶ 13.

Furthermore, the United States has not agreed to a three-year ban on removals to Haiti. DHS maintains diplomatic relations with Haiti and in fact removed approximately 1,492 people to that country during fiscal year 2007. *2007 Immigration Yearbook*, Table 37. ICE continues to effectuate the repatriation of Haitian nationals who have been ordered removed, and in Chery's case, has formally requested a travel document and provided the necessary information to obtain the travel document. Almonte Decl., ¶ 14. At this point, ICE is simply waiting for the Haitian consulate to process the request and issue the travel document. Thus, it is more likely than not that Chery will be removed to Haiti in the reasonably foreseeable future. *Edmund v. Gonzales*, No. 05- 00347, 2007 WL 2187258, at *8 (N.D. Fla. July 27, 2007) (holding that petitioner failed to make *Zadvydas* showing where he could show no impediment to removal other than the pace at which his case was

being processed by the receiving nation).

For the foregoing reasons, the Court declines to intervene in Chery's detention, and the Court orders:

That Chery's petition for writ of habeas corpus is denied. The Clerk is directed to enter judgment against Chery and to close this case.

ORDERED at Tampa, Florida, on January 21, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Jean Chery, Jr.